Michael M. **ALLEN**, Plaintiff,

v.

**BETA CONSTRUCTION,**
et al., Defendants.

No. CIV.A.01–1182(EGS).

United States District Court,
District of Columbia.

March 24, 2004.

Walter George Birkel, Tighe, Patton, Armstrong & Teasdale, Washington, DC, for Plaintiff.

Karen Louise Manos, Roger Alan Klein, Howrey Simon Arnold & White, LLP, Washington, DC, for Defendant.

Brian J. Sonfield, Washington, DC, for Movant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

## I. Factual and Procedural History

### A. *Parties*

Plaintiff Michael Allen was employed by defendants Beta Construction and Hampton Supply Inc. as the Director of Human Resources from February 1989 until May 1999.

Defendant Beta Construction ("Beta") is a corporation engaged in the business of providing commercial roofing; Defendant Hampton Supply Inc.("Hampton") is a corporation engaged in the business of providing commercial roofing and waterproofing services; Defendant Peter Gordon Co. ("PGC") is a corporation engaged in the business of providing commercial roofing and waterproofing services. Defendant Integrated Roofing and Waterproofing, Inc. ("IRW") became the parent company of Beta and Hampton in August 1999.

Defendant Paul C. Gordon ("Gordon") was, at all relevant times, the President, CEO, and controlling shareholder of Beta, Hampton, and PGC. Defendant Jeremy O. Brown ("Brown") was at all relevant times Vice President for Finance or President of Hampton and Beta, as well as a shareholder in both companies.

Allen brings this action as a *qui tam* relator under the False Claims Act ("FCA"). *See* 31 U.S.C. § 3730(b)(1) (2003)(allowing a private person to bring an action for violation of the False Claims Act on behalf of the United States Government). On March 31, 2003, the United States filed notice declining to intervene in the case, and Allen continued the action as a private person. *See* March 31, 2003, Notice of United States of Election to Decline Intervention; *see also* 31 U.S.C. § 3730(b)(4)(B)(allowing private person to continue action even if United States declines to intervene).

Pending before the Court is defendants' Motion to Dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 9(b), for failure to plead fraud with particularity, and Fed. R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Upon careful consideration of the motion, the response and reply thereto, as well as the governing statutory and case law, and for the following reasons, it is by the Court hereby **ORDERED** that defendants' Motion to Dismiss is **DENIED**.

B. *Complaint*

Plaintiff Allen alleges that he has "personal, direct and independent knowledge of the defendants' practice of presenting and/or submitting false statements and false claims to the federal government" in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* Compl. ¶ 9. Specifically, plaintiff states that from 1989 to the present, defendants bid upon and were awarded sixteen federal government contracts for roofing and waterproofing. Compl. ¶ 16. Such contracts were subject to the wage and reporting requirements set forth in the Davis–Bacon Act, formerly codified at 40 U.S.C. § 276(c). Per federal regulations, defendants were required to pay workers prevailing wages, and weekly submit to the contracting federal agencies both payrolls and a Statement of Compliance certifying that "each laborer or mechanic" was paid "not less than applicable wage rates and fringe benefits or cash equivalents for the classification or work performed." 29 C.F.R. 5.5(a)(3)(ii)(B)(3). Plaintiff alleges that defendants systematically defrauded the federal government by falsely certifying compliance with these requirements. Compl. ¶ 21.

Specifically, plaintiff states that defendants directed plaintiff, in his capacity as Director of Human Resources, as well as other employees, to pay their laborers wages substantially below the applicable wage requirements, while also directing plaintiff to falsely certify to the applicable federal agencies with whom they were contracting that defendants were paying their laborers the required wages. Compl. ¶ 23 ("Brown directed [plaintiff] to falsify weekly labor payroll records to eliminate or substantially reduce hours that were to be paid at the journeyman wage scale set by the Davis Bacon Act. These workers would instead receive a weekly paycheck based upon Gordon's and Brown's directive

that these workers receive only average pay of approximately $13 to $15 per hour, although the work performed by these employees required them ... to be paid at the scale for mechanics, $22 per hour."). This "scheme" involved falsifying labor payroll records, threatening employees who complained of insufficient wages, and issuing false certifications to federal agencies on more than 1500 occasions. Compl. ¶¶ 25–26. Plaintiff states that the difference in wages reported and the wages actually paid was fraudulently diverted to defendants as personal profits, a practice that resulted in false charges to the government in the amount of approximately $12 to $16 million, and that Gordon and Brown also diverted fringe benefits required to be paid to employees for their own personal use. Compl. ¶¶ 26, 28. Plaintiff also alleges that Gordon and Brown directed plaintiff and other employees to conceal this practice from government inspectors, and that defendants also purposely concealed information about the accurate pay scale from their workers. Compl. ¶ 25.

Plaintiff alleges that defendants engaged in several other fraudulent schemes. For example, plaintiff states that defendants falsely certified compliance with EPA regulations governing disposal of asbestos material. Compl. ¶¶ 29–30. Specifically, plaintiff avers that Defendants Brown and Gordon directed him to obtain an asbestos abatement license as part of his Human Resources Director function, but Gordon later directed plaintiff to transfer his license to a shell Company, AR II Industries ("AR II"). AR II was subsequently listed as an independent asbestos removal subcontractor in defendants' federal contract bids, but asbestos roofing material was subsequently not disposed of in compliance with the awarded contracts or EPA regulations, and was instead improperly disposed of in Maryland landfills. Compl.

¶¶ 29–30. Finally, plaintiff states that defendants, in order to secure federal contracts, certified that contract work was performed by minority subcontractors, specifically William D. Euille and Associates, when in fact defendants simply paid the minority subcontractor to lend its name to contract bid documents. Compl. ¶ 31.

Count I, Use of False Statements, alleges that by virtue of the acts described above, defendants knowingly presented, or caused to be presented to officers, employees, or agents of the United States false or fraudulent claims paid or approved by the United States under contracts funded with federal monies, and used false records and statements to have the fraudulent or false claims paid. 31 U.S.C. § 3729(a).

Count II, Presentation of False Claims, alleges that as a result of the alleged scheme described above, defendants recovered payment from the Federal Government for services pursuant to contracts and purchase orders that were never received by the United States. 31 U.S.C. § 3729(a).

## II. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 9(b) and Fed. R.Civ.P. 12(b)(6)

### A. *Fed.R.Civ.P. 12(b)(6)*

In appraising the sufficiency of a complaint, a court must follow "the accepted rule that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Swierkiewicz v. Sorema,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (noting the Federal Rules' notice pleading standard, and holding that a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). For purposes of a motion to dismiss, a court must treat the plaintiff's factual allegations as true, and must liberally construe the complaint in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421–422, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

### B. *Fed.R.Civ.P. 9(b)*

■ This Circuit has held that complaints brought under the False Claims Act are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b). *See U.S. ex rel. Totten v. Bombardier Corp.,* 286 F.3d 542, 551–52 (D.C.Cir.2002) ("Every circuit to consider the issue has held that, because the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with Rule 9(b)."). Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). This specificity requirement "normally means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." *United States v. Cannon,* 642 F.2d 1373, 1385 (D.C.Cir.1981) (internal citation and quotation omitted).

■ Likewise, in the False Claims Act context, "the circumstances that must be pleaded with specificity are matters such as the time, place, and contents of the false representations, such representation being the *element* of fraud about which the rule is chiefly concerned." *Totten,* 286 F.3d at 552 (internal citation and quotation omitted)(emphasis in original); *Shekoyan v. Sibley Intern. Corp.,* 217 F.Supp.2d 59, 73 (D.D.C.2002)(in the False Claims Act con-

text, "a claimant must typically allege the identity of the person who made the fraudulent statement, the time, place and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated") (internal citation and quotation omitted).

## C. The Complaint States a Claim with Adequate Particularity

■ Plaintiff brings this action under the False Claims Act. The FCA "proscribes only false claims-that is actual demands for money or property and false records or statements used to induce such claims. The FCA, in other words, attaches liability not to underlying fraudulent activity, but to the claim for payment." *Totten*, 286 F.3d at 551 (internal citation and quotation omitted). At bottom, the elements of an FCA claim are that a defendant, knowing that a claim for payment was false or fraudulent, presented a claim to the United States government for payment, or used false records or statements in order to have a false or fraudulent claim paid by the government. *See* 31 U.S.C. §§ 3729(a)(1), (a)(2).

Defendants argue that the Complaint fails to allege with particularity each element of an FCA claim. For example, defendants argue that the Complaint "fails to identify which defendant participated in each false or fraudulent scheme or statement ... [but] rather point to all defendants collectively." Defs.' Mot. to Dismiss at 6. Defendants also argue that the Complaint fails to "allege the particulars of the time, place, and content of the false representations, what facts were misrepresented, or the identity of the person or persons who made the misrepresentations ... and fails even to identify a single document submitted by any of the defendants." Defs.' Mot. to Dismiss at 8. Defendants submit that the Complaint should identify,

by name, the identities of the workers whose wages were falsified, and the specific pay periods in which the falsifications allegedly occurred. Further, defendants argue that the Complaint fails to identify any specific form or document containing false of fraudulent statements related to defendants' allegedly illegal disposal of asbestos; and fails to identify the contract(s) on which defendants allegedly fraudulently certified the use of a minority subcontractor.

■ Defendants are correct that plaintiff must, because he brings a claim under the False Claims Act, go beyond the mere notice pleading which would be sufficient to survive a Rule 12(b)(6) motion to dismiss. However, while something more than notice pleading is certainly required when a claim falls under the purview of Rule 9(b), defendants' detailed articulation of precisely what is required of plaintiff serves to divorce the Rule 9 requirements from the dictates of related pleading rules. As the Circuit has aptly stated,

Rule 9(b) is not ... to be read in isolation from other procedural canons... the requirement of particularity does not abrogate Rule 8 and it should be harmonized with the general directives in subdivisions (a) and (e) of Rule 8 that the pleadings should contain a 'short and plain statement of the claim or defense' and that each averment should be 'simple concise and direct.'

*Cannon*, 642 F.2d at 1386 (internal citation and quotation omitted). Thus, while the "time, place, and contents of the false representations" must be pleaded with specificity in an FCA cause of action, *Totten*, 286 F.3d at 552, "the simplicity and flexibility contemplated by the rules must be taken into account when reviewing a complaint for 9(b) particularity." *Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 258, 267 (D.D.C.2002)

(denying motion to dismiss in FCA context, where time range pled was twelve years and the fraudulent scheme was alleged to be nationwide); *see also Swierkiewicz,* 534 U.S. at 513–14, 122 S.Ct. 992 ("Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that '[n]o technical forms of pleading or motions are required,' and Rule 8(f) provides that '[a]ll pleadings shall be so construed as to do substantial justice.' ").

■ Here, plaintiff has adequately pleaded the time, place, and contents of the allegedly false representations and claims. Plaintiff submitted an 18 page Complaint, identifying sixteen federal contracts awarded defendants, and alleging that defendants Gordon and Brown engaged in a systematic, multi-year scheme of certifying to the federal government that they were paying workers certain wages as required by law, when in fact they were not. Plaintiff repeatedly alleges that Defendants Gordon and Brown instructed him to falsify specific documents presented to federal agencies, and alleges that he, as the former Director of Human Resources, has first-hand knowledge of this ongoing fraud. With regard to the "asbestos scheme," plaintiff concisely avers that

> Brown and Gordon specifically directed [plaintiff] to obtain an asbestos abatement license ... the certification was transferred by Mr. Allen to a shell company, AR II Industries, at Gordon's direction ... AR II was shown on the bid ... as an independent asbestos removal contractor ... After the contract was awarded, Gordon directed [employees] to ignore the contract's requirements that asbestos roofing material... be disposed of in accordance with EPA regulations.

Compl. ¶ 30. Likewise, the minority contractor allegations identify the specific minority contractor who defendants allegedly fraudulently claimed to have hired as a subcontractor.

Such pleading sets out a "sufficiently detailed description of the specific scheme and its falsehoods" so as to survive Rule 9(b) scrutiny. *Pogue,* 238 F.Supp.2d at 268 (noting that complaint covering multi-year period may not require "a detailed allegation of all facts supporting each and every instance of submission of a false claim"). Moreover, plaintiff's Complaint serves the central purpose of Rule 9(b), properly read in conjunction with Rule (8): "the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response." *Cannon,* 642 F.2d at 1385. Defendants cannot credibly argue that they are not now on notice of the charges against them: plaintiff alleges that defendants Brown and Gordon, through their companies, systematically falsely certified that they were paying appropriate employee wages; falsely certified compliance with, and received federal monies under, asbestos removal regulations applicable to federal contracts; and falsely certified that they were using a minority subcontractor in order to secure federal contracts.

While significant details which will be necessary for plaintiff to succeed on the *merits* of the case are indeed absent, these details are not necessary at this very preliminary stage of litigation. Indeed, plaintiff, having first stated a claim with sufficient specificity, must be allowed to fill in those details though the discovery process, especially because these details are in "defendants' possession and will be identified when produced in discovery." Pl.'s Opp. to Mot. to Dismiss at 12.

Accordingly, for the reasons stated above, the Court finds that plaintiff has

stated a claim with sufficient particularity so as to comply with the pleading requirements of both Rule 8 and Rule 9(b).

### III. Statute of Limitations

Finally, defendants argue that this action is barred in whole or in part by the FCA six year statute of limitations. *See* 31 U.S.C. § 3731(b)(1) ("A civil action under section 3730 may not be brought more than 6 years after the date on which the violation of section 3729 is committed."). Specifically, defendants argue "Plaintiff's Complaint was filed on May 30, 2001. Accordingly, any claims prior to May 30, 1995 are time barred . . . [t]herefore, the claims Plaintiff is alleging between 1989 and May 29, 1995 are clearly time-barred under the six-year statute of limitations." Defs.' Mot. to Dismiss at 18.

Here, it is unclear from the face of the Complaint when the statute of limitations began to run, as "[m]any courts have held that the commission of the violation occurs on the date of the Government's *final payment* on the false claim." *TS Infosystems, Inc. v. U.S.*, 36 Fed. Cl. 570 (Fed.Cl.1996) (collecting cases)(emphasis added). It is unclear from the Complaint when the government made that last payment on each of the contracts; it is quite possible that some or all of the alleged false claims for each of the sixteen contracts were submitted and paid within the six year time period. Accordingly, the Court cannot comfortably conclude that the claims are time barred, and thus will not dismiss the Complaint on statute of limitation grounds at this juncture. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C.Cir.1996) ("courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint . . . because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclu-

sively time-barred"). Of course, if it becomes clear during or after discovery that some or all of the claims are indeed time-barred, defendants can certainly move for summary judgment on those claims.

For the reasons stated herein, it is by the Court hereby

**ORDERED** that defendant's Motion to Dismiss Count I of the Complaint is **DENIED**; and it is

**FURTHER ORDERED** that a status hearing is scheduled for April 30, 2004, at 10:30 a.m. in Courtroom One.